UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HENRY FRANKLIN,

                              Petitioner,

   -v.-                                                          9:05-CV-1520
                                                                                (DNH)(GHL)

WILLIAM MAZZUCA, Fishkill Correctional Facility,

                              Respondent.

---

APPEARANCES:

HENRY FRANKLIN
Petitioner, *pro se*

GEORGE H. LOWE, U.S. Magistrate Judge

## ORDER

      Pursuant to 28 U.S.C. § 636(b), the Rules Governing Section 2254 cases in the U.S. District Courts, 28 U.S.C. fol. Section 2254 and Rule 72.3(c) of the Local Rules of Practice of this District, the Clerk has sent to the Court a Petition for a Writ of Habeas Corpus brought by Henry Franklin ("Petitioner") pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner has also submitted an *in forma pauperis* application. Dkt. No. 2. Petitioner is presently confined at Fishkill Correctional Facility and has not paid the filing fee required for this action.

      For the reasons set forth below, the Court transfers this Petition to the United States Court of Appeals for the Second Circuit.

      Petitioner complains of a judgment of conviction rendered in Oneida County Court on August 24, 1995, wherein Petitioner entered a plea of guilty to murder in the second degree. Dkt. No. 1 at 2. Petitioner was sentenced to a term of fifteen years to life imprisonment. *Id*. In his present Petition, Petitioner alleges that the trial court erred by denying Petitioner's "request for evidence that was favorable and material." *See* Dkt. No. 1 at 5.

Petitioner filed a previous Petition challenging the August 24, 1995 conviction and sentencing, which was denied and dismissed on the merits. *See Franklin v. Walker*, 9:99-CV-1404 (NAM)(DRH). Because this is the ***second*** petition filed in this Court by Petitioner regarding his conviction and sentencing by the Oneida County Court on August 24, 1995, the Court must look to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to determine the proper course of action. Various sections of the United States Code which govern habeas corpus proceedings in federal courts were amended as part of the AEDPA. In light of the AEDPA, 28 U.S.C. § 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive application. 28 U.S.C. § 2244(b)(3)(A).[1]

In *Liriano v. U.S.*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed where a second or successive application is filed by a state prisoner unaccompanied by the required § 2244(b)(3) motion. That Court held:

> [W]hen a second or successive petition ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

---

[1] 28 U.S.C. §2244(b)(3) provides, in part, as follows:

\* \* \*

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. §2244(b)(3)(A).

*Id*. at 123.

Since Petitioner has previously filed a Petition seeking habeas relief under § 2254 concerning the conviction at issue in the present Petition, and he has not obtained the authorization discussed above permitting this Court to consider the second Petition, the Court must transfer this Petition to the Second Circuit. *Liriano,* 95 F.3d at 123; *see also Corrao v. U.S.*, 152 F.3d 188, 191 (2d Cir. 1998) (once a District Court determines that a petition is second or successive, it must transfer it to the appropriate Circuit; the District Court may not reach the merits of an uncertified second or successive petition since doing so "impermissibly circumvents the AEDPA's gatekeeping provisions"). The Second Circuit has stated that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived." *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

This Court makes no ruling as to Petitioner's *in forma pauperis* application, thereby leaving that determination to the United States Court of Appeals for the Second Circuit.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above, and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on Petitioner by regular mail.

Dated: December 20, 2005
Syracuse, New York

George H. Lowe
United States Magistrate Judge